

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

ANTHONY M.,[1]

    Plaintiff,

v.                                            Civil No. 4:22cv116

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

    Defendant.

## OPINION AND ORDER

Anthony M. ("Plaintiff"), with the assistance of counsel, brought this action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability benefits under the Social Security Act. Before the Court are: Plaintiff's motion for summary judgment; the Report and Recommendation ("R&R") of the United States Magistrate Judge; Plaintiff's objections to the R&R; and the Commissioner's response to Plaintiff's objections. For the reasons set forth below, the court **ADOPTS** the R&R, ECF No. 21; **DENIES** Plaintiff's motion for summary judgment,

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases due to privacy concerns endemic to such cases.

ECF No. 15; and **AFFIRMS** the Commissioner's decision denying Plaintiff's claim for disability benefits. R. 17-32.

## I. PROCEDURAL BACKGROUND

Pursuant to 28 U.S.C § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this matter was referred to a United States Magistrate Judge for an R&R. On July 25, 2023, the Magistrate Judge issued a detailed R&R recommending that Plaintiff's motion for summary judgment be denied and the Commissioner's final decision be affirmed. ECF No. 21. By copy of the R&R, each party was advised of the right to file written objections, and on August 8, 2023, the Court received Plaintiff's objections to the R&R. ECF No. 22. The Commissioner filed her response on August 21, 2023. ECF No. 23.

## II. LEGAL STANDARD

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Accord 28 U.S.C. § 636(b)(1). A proper objection is "sufficient[ly] specific[] so as reasonably to alert the district court of the true ground for the objection." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). For portions of the R&R for which no proper objection is made, a district court need review only for

2

clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing a final administrative decision, a reviewing court "must uphold the factual findings of the [Administrative Law Judge ("ALJ")] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (citation omitted). Substantial evidence is "more than a mere scintilla," but requires no more than "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citations omitted); accord Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023).

In undertaking this review, a reviewing court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (cleaned up). Though this is a deferential standard of review, the ALJ still "must 'build an accurate and logical bridge' from the evidence to their conclusions" to pass muster. Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 94 (4th Cir. 2020) (quoting Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016)).

### III. APPLICABLE REGULATIONS

The ALJ is required to follow a five-step sequential analysis to evaluate whether an individual has a requisite disability for

3

benefits under the Social Security Act. 20 C.F.R. § 404.1520(a). The sequential analysis includes the following assessments: (1) whether the claimant is engaged in substantial gainful activity; (2) the severity of the claimant's medically determinable physical and mental impairments; (3) whether the claimant has an impairment that meets or equals one of the Social Security Administration's official impairments; (4) whether an impairment prevents the claimant from performing any past relevant work in light of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can adjust to employment other than past relevant work in light of the claimant's RFC, age, education, and work experience. Id.

For mental impairment claims, the ALJ must follow the assessment procedure set forth in 20 C.F.R. § 404.1520a. This "technique" requires the ALJ to "rate the degree of functional limitation resulting from [any medically determinable mental] impairment(s)" in "four broad functional areas . . . : Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 404.1520a(b)(2), (c)(3). Limitations in these functional areas are rated on a five-point scale: none, mild, moderate, marked, or extreme. Id. § 404.1520a(c)(4). The ALJ uses these ratings to

determine the "severity" of the claimant's mental impairments for steps two and three of the five-step analysis. Id. § 404.1520a(d).

Once the ALJ has rated the severity of each impairment, they will determine if any impairment (or combination thereof) "meets or is equivalent in severity to a listed mental disorder." 20 C.F.R. § 404.1520a(d)(2). If not, the ALJ moves to steps four and five to assess the claimant's RFC. Id. § 404.1520a(d)(3).

The RFC is intended to measure the most that a claimant can do in a work setting despite the mental and physical restrictions imposed by their impairments. Hines v. Barnhart, 453 F.3d 559, 562 (4th Cir. 2006). To evaluate a claimant's RFC, the ALJ must first identify each impairment-related functional restriction that is supported by the record. See Monroe, 826 F.3d at 179. Then, the ALJ must describe how specific medical facts and evidence support each conclusion, and logically explain how they weighed any contradictory evidence in reaching those conclusions. Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019).

On January 18, 2017, the Social Security Administration (SSA) adopted new rules, applicable to all claims filed after March 27, 2017, for the evaluation of medical opinions and prior administrative medical findings. 20 C.F.R. § 404.1520c. The ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s)...." 20 C.F.R. § 404.1520c(a).

5

Instead, the ALJ considers their overall "persuasiveness." § 404.1520c(b)(2). While the ALJ may consider many factors in evaluating persuasiveness, they must explain "only the most important factors" of "supportability and consistency." § 404.1520c(b)(2). Supportability evaluates whether a medical source substantiates their opinion with "objective medical evidence and supporting explanations," § 404.1520c(c)(1), while consistency evaluates whether "evidence from other medical sources and nonmedical sources" also supports the medical opinion, § 404.1520c(c)(2).

When evaluating a medical opinion under these rules, the ALJ cannot "cherrypick[] facts that support a finding of nondisability while ignoring evidence that points to a disability finding." Bilotta v. Saul, 850 F. App'x 162, 169 (4th Cir. 2021) (quoting Lewis v. Berryhill, 858 F.3d 858, 870 (4th Cir. 2017)).

## IV. DISCUSSION

Plaintiff offers two objections to the R&R. First, Plaintiff argues that the ALJ failed to properly evaluate the opinion of Dr. Stephanie Eppinger, Plaintiff's treating psychotherapist, when determining his RFC. ECF No. 22, at 2-4. Second, Plaintiff argues that the Magistrate Judge erred by concluding that the ALJ

adequately evaluated the opinion of Dr. Eppinger. Id. at 3-4. The Court addresses each of these objections in turn.[2]

### A. ALJ's Evaluation of Dr. Eppinger's Opinion

Plaintiff argues that the ALJ erred by improperly evaluating Dr. Eppinger's medical opinion when crafting Plaintiff's RFC. ECF No. 17, at 5-11. The ALJ's reasoning in assessing Dr. Eppinger's opinion is "cursory," so Plaintiff's argument runs, and thus fails to "adequately explain how [the ALJ] considered the supportability factor." Id. at 7. Indeed, Plaintiff maintains that the ALJ impermissibly "cherrypicked" favorable, non-representative reports from Plaintiff's medical history. Id. at 8. The Magistrate Judge disagreed with Plaintiff and concluded that the ALJ sufficiently justified her conclusion that Dr. Eppinger's opinion was only "somewhat persuasive." ECF No. 21, at 36.

The Court agrees with the Magistrate Judge. The ALJ adequately considered the medical opinion evidence in the record before making the determination that Dr. Eppinger's medical opinion was only "somewhat persuasive." R. 29; see 20 C.F.R. §§ 404.1520c(a), 1520c(b)(2); Hancock, 667 F.3d at 472 (reviewing courts "must uphold the factual findings of the [ALJ] if they are supported by

---

[2] The Court reviewed the remainder of the R&R and found no clear error in the Magistrate Judge's unobjected-to findings or reasoning. See Elijah, 66 F.4th at 460.

7

substantial evidence and were reached through application of the correct legal standard.")

By way of example, the ALJ began her analysis of Dr. Eppinger's opinion by acknowledging Dr. Eppinger's observations that Plaintiff "had difficulty managing his anger" and "had few supporting relationships." R. 29. The ALJ then described at length Plaintiff's medical limitations as recorded in Dr. Eppinger's report, including that Plaintiff "had none to mild limitations in understanding and memory . . . [and] had moderate limitations in interacting appropriately with the general public. . . ." Id. Next, the ALJ addressed the supportability and consistency of the opinion as required by 20 C.F.R.§ 404.1520c(b)(2) and concluded that the opinion was only somewhat persuasive because Dr. Eppinger "provided little rationale for her opinion." R. 29-30. When addressing supportability, the ALJ referenced Dr. Eppinger's treatment records indicating that Plaintiff was "generally stable when he attended mental health treatment at the VA." R. 29.

The foregoing examples illustrate the ALJ's sufficient analysis of Dr. Eppinger's opinion. The ALJ, as required, addressed "objective medical evidence and supporting explanations." 20 C.F.R. § 404.1520c(c)(1). Indeed, the ALJ built an "accurate and logical bridge" from Dr. Eppinger's treatment notes and opinion to the ALJ's own conclusion that the medical opinion was only somewhat

8

persuasive. Arakas, 983 F.3d at 94 (quoting Colvin, 826 F.3d at 189). Moreover, the ALJ's opinion satisfies the requirement that the "agency's path" be "reasonably discern[able]" to facilitate meaningful judicial review, repeatedly referencing Dr. Eppinger's treatment notes and Plaintiff's medical history to contextualize Dr. Eppinger's opinion.[3] Garland v. Ming Dai, 141 S. Ct. 1669, 1679 (2021); R. 29. Therefore, the Magistrate Judge correctly concluded that the ALJ sufficiently considered Dr. Eppinger's opinion. ECF No. 21, at 34.

Second, Plaintiff contends that the ALJ ignored Dr. Eppinger's treatment notes documenting Plaintiff's reports of feeling depressed, irritable, and occasionally suicidal, and thereby impermissibly "cherry-pick[ed]" the favorable facts from the record. ECF No. 17, at 8-10. Plaintiff is correct that when an ALJ evaluates a medical opinion, she cannot "cherrypick[] facts that support a finding of nondisability while ignoring evidence that points to a disability finding." Bilotta, 850 F. App'x at 169) (quoting Lewis, 858 F.3d at 869).

But the ALJ did not engage in cherry-picking here. Rather, the ALJ marshaled facts reasonably representative of Plaintiff's record to discount Dr. Eppinger's opinion. See R.25-37. For example, the ALJ noted Plaintiff's statements to Dr. Eppinger that

---

[3] For example, the ALJ cited Dr. Eppinger's findings that the Plaintiff had demonstrated an ongoing ability to take online classes and work notwithstanding his impairments. R. 29.

9

he "had been managing his stress by working out and distracting himself," and was able to "walk away when upset." R. 25-26. Such constructive reports corroborate the ALJ's decision to contextualize and discount aspects of Dr. Eppinger's medical opinion. R.29-33. This Court is required to defer to the ALJ's findings so long as they are supported by substantial evidence, even if "conflicting evidence allows reasonable minds to differ as to whether [a Plaintiff] is disabled." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons stated above, the Court concludes that the ALJ's findings are entitled to deference as they are supported by substantial evidence, and therefore Plaintiff's allegations of cherry-picking do not support reversal. See Biestek, 139 S. Ct. at 1154.

### B. The Magistrate Judge's Review

Second, Plaintiff argues in his objection to the R&R that this Court should "reject the Magistrate Judge's finding that the ALJ did not err in evaluating the opinion evidence of Dr. Eppinger." ECF No. 22, at 1. According to Plaintiff, the Magistrate Judge's "detailed analysis of the records that the ALJ only cited generally" amounts to an impermissible "post hoc rationalization" warranting remand for "proper" consideration of Dr. Eppinger's

opinion. Id. at 3. For the following reasons, the Court disagrees and affirms and adopts the Magistrate Judge's R&R. ECF No. 21.

### 1. Post Hoc Rationalization

Plaintiff argues that the Magistrate Judge engaged in "impermissible post hoc rationalization" to "rehabilitate" the ALJ's insufficient "general" discussion. ECF No. 22, at 3. Plaintiff is correct that principles of administrative law prohibit reviewing courts from affirming agency action on any basis other than that articulated by the agency itself. See Kirk v. Comm'r of Soc. Sec. Admin., 987 F.3d 314, 321 (4th Cir. 2021); Arakas, 983 F.3d at 109. But even assuming that the Magistrate Judge's discussion of supporting examples in the record was more robust than the ALJ's, remand is not warranted.

Plaintiff fails to demonstrate that the Magistrate Judge affirmed the ALJ's evaluation of Dr. Eppinger's opinion on an improper basis. The Magistrate Judge found that the ALJ justifiably contextualized and discounted Dr. Eppinger's opinion after he reviewed the ALJ's "narrative discussion of t[he] evidence." ECF. No. 21, at 34. To that end, the Magistrate Judge found that the treatment records the ALJ relied on in her analysis were "representative of [Plaintiff's] record as a whole." Id. The fact that the Magistrate Judge further substantiated the ALJ's conclusion by citing additional examples in Plaintiff's treatment

11

records does not undercut the Magistrate Judge's decision to affirm. See R. 34-35.

As this Court has stated in response to comparable arguments, even assuming arguendo that the Magistrate Judge's detailed explanation can be said to include post hoc reasoning, such criticism fails to account for the fact that the ALJ's own consideration of Dr. Eppinger's opinion is sufficient by itself to affirm the ALJ's ruling. See Jesse T. v. Kijakazi, No. 2:22CV101, 2023 WL 2537283, at *3 (E.D. Va. Mar. 16, 2023). Put differently, on de novo review and without relying on any allegedly post hoc reasoning, the Court finds that the ALJ provided a sufficient explanation for concluding that Dr. Eppinger's opinion was only somewhat persuasive. See supra, Part IV.A; R. 29-30.

## V. Conclusion

For the reasons explained above, the R&R is **ADOPTED**, ECF No. 21, Plaintiff's summary judgment motion is **DENIED**, ECF No. 15, and the final decision of the Commissioner is **AFFIRMED**. The Clerk is requested to forward a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 22, 2023